UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| J.T. GLOVER, III,<br>        Plaintiff<br><br>    v.<br><br>GERALD MORRISSEY, PETER MORIN, BERNARD MURPHY, PAMELA NICHOLSON and LARRY TUMMINO,<br>        Defendants | Civil Action No. 03-11633-MAP |
| J.T. GLOVER, III,<br>        Plaintiff<br><br>    v.<br><br>HARRY COMERFORD, RICK HUNTINGTON, THERESA O'HARE and STEVEN WILLIAMS,<br>        Defendants | Civil Action No. 03-30213-MAP |

MEMORANDUM AND ORDER WITH REGARD TO PLAINTIFF'S
MOTIONS TO AMEND and DEFENDANTS' MOTIONS TO STRIKE
(Document Nos. 17 and 18 in Civil Action No. 03-11633-MAP;
Document Nos. 13 and 14 in Civil Action No. 03-30213-MAP)
April 29, 2004

NEIMAN, U.S.M.J.

Defendants in these consolidated civil rights actions brought pro se by J.T. Glover, III ("Plaintiff") have moved to strike documents -- and other information outside the four corners of the complaint -- which Plaintiff included within his opposition to Defendants' motion to dismiss. In turn, Plaintiff has filed in each action a pleading entitled Motion for an Allowance of 60 Days to Resubmit a Second Amended Complaint

Consisting of Additional Specific, Non Conclusory Allegations on how the Defendants Individually Participated in These Aforementioned Constitutional Deprivations (hereafter "Plaintiff's motions to amend"). Both sets of motions have been referred to this court for hearing and determination. *See* 28 U.S.C. § 636(b)(1)(A). For the reasons indicated below, Defendants' motions to strike will be allowed and Plaintiff's motions to amend will be denied.

## I. DEFENDANTS' MOTIONS TO STRIKE

As described in a separate report and recommendation issued this date, Defendants have moved, pursuant to Fed. R. Civ. P. 12(b)(6), to dismiss Plaintiff's complaint for failing to state a First Amendment petition clause claim upon which relief may be granted. In their motion to strike, Defendants argue that Plaintiff cannot escape dismissal by attaching unauthenticated documents to his opposition and including therein information not included within the four corners of his complaint.

The court finds Defendants' argument well-founded. *See Young v. Lepone*, 305 F.3d 1, 10-11 (1st Cir. 2002) (except in limited circumstances, "[t]he fate of a motion to dismiss under Rule 12(b)(6) ordinarily depends on the allegations contained within the four corners of the plaintiff's complaint"). As importantly, the motions themselves are unopposed. Accordingly, Defendants' motions to strike will be allowed.

## II. PLAINTIFF'S MOTIONS TO AMEND

Citing Fed. R. Civ. P. 12(e), Plaintiff has filed two motions to amend. Plaintiff asserts that an amended complaint will provide "additional factual underpinnings . . . on how . . . [D]efendants individually denied and or interfered with the plaintiff's right to

petition." (Document No. 17 at 2 in Civil Action No. 03-11633-MAP.) He also states that the amendment "will outline specific procedure errors pursuant to [Department of Mental Retardation] Regulations, 115 CMR 9.0, some of which were already brought to the attention of specific individual defendants . . . ." (*Id.*)

In response, Defendants presume that the "new" information Plaintiff intends to add to his complaint is the unsupported information included in his opposition memorandum, i.e., the information Defendants have moved (without objection) to strike. An amendment "would be an exercise in futility," Defendants argue, as the complaint "would still suffer from the same deficiencies that were identified in defendants' motion to dismiss . . . ." (Document No. 18 at 2 in Civil Action No. 03-11633-MAP (citing, *inter alia*, *Foman v. Davis*, 371 U.S. 178, 182 (1962).)

It is unclear what exactly Plaintiff would add to his complaint, although it is likely, as Defendants argue, that he is focusing on the information which is the subject of the motions to strike. As indicated above, however, the motions to strike are well-founded and unopposed. Moreover, the rule upon which Plaintiff relies in seeking to amend the complaint, i.e., Rule 12(e), is inapposite -- the proper rule is 15(a) -- and he has not set forth any grounds for relief, let alone attached a copy of the proposed amendment. For all these reasons, the court will deny Plaintiff's motions to amend. *See* Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, 6 *Federal Practice & Procedure* § 1485. ("A motion to amend under Rule 15(a), as is true of motions generally, is subject to the requirements of Rule 7(b), and must set forth with particularity the relief or order requested and the grounds supporting the application. In order to satisfy these

prerequisites a copy of the amendment should be submitted with the motion so that the court and the adverse party know the precise nature of the pleading changes proposed.") (collecting cases).

### III. CONCLUSION

For the reasons stated, Defendants' motions to strike are ALLOWED and Plaintiff's motions to amend are DENIED.

IT IS SO ORDERED.

DATED: April 29, 2004

                                          /s/ Kenneth P. Neiman  
                                         KENNETH P. NEIMAN  
                                         U.S. Magistrate Judge