UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JT GLOVER, III,<br>　　　　Plaintiff | ) <br> ) <br> ) | |
| v. | ) <br> ) | Civil Action No. 03-11633-MAP |
| GERALD MORRISSEY, PETER<br>MORIN, BENARD MURPHY,<br>PAMELA NICHOLSON and LARRY<br>TUMMINO<br>　　　　Defendants | ) <br> ) <br> ) <br> ) <br> ) | |
| JT GLOVER, III,<br>　　　　Plaintiff | ) <br> ) <br> ) | Civil Action No. 03-30213-MAP |
| v. | ) <br> ) <br> ) | |
| HARRY COMERFORD, RICK<br>HUNTINGTON, THERESA O'HARE<br>and STEVEN WILLAMS,<br>　　　　Defendants | ) <br> ) <br> ) <br> ) | |

PLAINTIFF"S WRITTEN OBJECTIONS IN REFERENCE TO THE REPORT AND RECCOMENDATIONS SUBMITTED BY MAGISTRATE JUDGE KENNETH P. NEIMAN TO DISTRICT COURT JUDGE MICHAEL A. PONSOR FOR CIVIL ACTION NO. 03-11633-MAP AND CIVIL ACTION NO. 03-30213-MAP.

The Plaintiff, JT Glover, III, on behalf of himself, respectfully submits this memorandum pursuant to the provisions of Rule 3(b) of the rules for United States Magistrates in the United States District Court for the District of Massachusetts. The plaintiff will make a conscious effort to 'specifically identify the portion(s) of the proposed findings or recommendations to which objection is made and the basis for such objection' (Report and Recommendations, Magistrate Judge Neiman, April 29, 2004).

1

1.      The plaintiff makes the following objections regarding this specific report and

recommendation made by Judge Kenneth P. Neiman submitted to District Court

Judge Michael A. Ponsor for appropriate review:

2.      Not only did the plaintiff attempt to outline the (initial) allegations in how the

defendants inappropriately interfered with his First Amendment right to petition

investigations and an appeal report that were clearly mishandled by individuals of

the Massachusetts' Department of Mental Retardation pursuant to DMR

Regulations, 115 CMR 9.0; but just as importantly, the plaintiff also alleges

discriminatory acts consistent with retaliating against his First Amendment Rights

of Freedom of Speech and Expression Activities that he engaged in with

defendants Comerford, Huntington, Nicholson and Williams on specific

occasions. See Civil Cover Sheet, August 29, 2003; Amended Complaint, p. 26,

33-39, 42, 44-60; amended complaint, enclosure; Plaintiffs opposing motion to

Defendants motion to dismiss, p. 12-17; Plaintiff's oral arguments submitted for

April 20, 2004 hearing on pending motions, page 6.

3.      The Court should note that the allegations cited in paragraphs 12-17 of the

Plaintiff's opposing motion were not included within the parameters of the

Defendants Motion to Strike Documents and Information contained in it.

Furthermore, because these specific allegations detailed by the Plaintiff which

were allowed into record by this court, the conduct of Comerford, Huntington,

Nicholson and Williams still requires individual examination surrounding their

discriminatory conduct taken against the Plaintiff's Freedom of Speech and

Expression Activities in relation to the Massachusetts Department of Mental

Retardation's Division of Investigations mishandling of these multiple

investigations and appellate report.

4.    As noted on pages 9-10 in Magistrate Judge Neiman's Report and
Recommendation:

"A rule 12(b)(6) motion to dismiss should be granted when a review of the
complaint shows that the plaintiff can prove not set of facts in support of his
claims that would entitle him to relief. The court must accept the allegations of
the complaint as true, drawing reasonable inferences in favor of the plaintiff. If
the plaintiff's claims do not establish recognized legal theories for which relief
can be granted then the court must dismiss the complaint. To be sure, a plaintiff's
pro-se allegations are entitled to a liberal construction no matter how inartfully
pleaded. Nevertheless, dismissal is appropriate when a plaintiff cannot prove any
set of facts entitling him to relief."

5.    Given that Defendants Comerford, Huntington, Williams, Nicholson and

Williams knowingly altered factual information in official Investigative and

Appellate documentation in direct retaliation against the Plaintiff's First

Amendment and Expression activities that he engaged with these individuals and

subsequently Defendants Morrissey and Morin knowingly provided false and

misleading information to the Plaintiff and other political officials (see Amended

Complaint p.74-77, 92-93, 114-117) concerning his longstanding efforts to

redress these aforementioned grievances, the inappropriate actions taken by these

specific Defendants should infer an illegal motive for which relief may be granted

to the Plaintiff under the First Amendment's Freedom of Speech and Expression

Activities clause.

6.      Pursuant to Fed. R. Civ. P. 8(a)(2)(3) a complaint should only need to

consist of 'a short and plain statement of the claim showing that the pleader is

entitled to relief, and a demand for judgment for the relief the pleader seeks.'

Considering the referenced statements cited in paragraph 2-all of which has been

docketed by this court- the Plaintiff has made adequate allegations pursuant to

Fed R. Civ. P. 8(a)(2)(3) regarding the Discriminatory Acts and adverse

employment actions taken against the Plaintiff's First Amendment Rights of

Freedom of Speech and Expression Activities that he engaged in with these four

aforementioned Defendants that should allow for these proceedings to move

forward.

7.      Repeatedly, the Plaintiff also views that the scope of the record in these

matters is far too inadequate and not fully developed enough at this point in time

to make an appropriate ruling pursuant to Fed. R. Civ. P. 12(b)(6). Furthermore,

by allowing discovery on a limited basis, the Plaintiff will be able to prove a set

of facts being consistent with his allegations about these discriminatory acts

against his First Amendment Right to Freedom of Speech and Expression

Activities.

8.      The plaintiff objects to Magistrate Judge findings noted on page 13 in his
report and recommendation: "As to the defendants about whom more facts are
provided, those facts fail to support any inference that some illegality motivated
their actions. Rather, the allegations indicate that Defendants, and numerous other
state and federal officials have been cooperative and exceedingly responsive to
Plaintiff's concerns."

4

9.    Even though the Plaintiff had received various responses from the Defendants

and other state and federal officials, the discrepancies, mistaken conclusions, and

procedure irregularities pursuant to DMR Regulations 115 CMR 9.00 which were

identified in specific documentation the Plaintiff provided to these various

officials has never been redressed for further investigation. See amended

complaint, introduction, p. 4, 5; factual allegations, p. 24-26, 34-36, 41, 45, 46,

51-60, 68-70, 71, 77, 79, 82-86, 88-90, 95, 99-104, 107-113; Arguments

submitted by Plaintiff for Hearing on Pending Motions, April 20, 2004, p. 8-9.

10.    In closing, the plaintiff remains hopeful that District Court Judge Michael A.

Ponsor will consider these objections, review the supportive information cited in

this memorandum, the case law cited in the Plaintiff's Opposing Motion to

Defendants Motion To Dismiss which information was not stricken from the

record, and finally, the Arguments submitted for the April 20, 2004 motion

hearing before making further considerations on the report and recommendations

submitted by Magistrate Judge Kenneth P. Neiman.

        The Plaintiff,
        Submitted on behalf of himself,

        By: _____

        JT Glover III, Pro Se
        46 Quincy Street #5
        North Adams, MA 01247

# CERTIFICATE OF SERVICE

I, JT Glover III, herby certify that on May 12, 2004, I served a copy of the forgoing
**MEMORADUM IN OBJECTION TO MAGISTRATE JUDGE KENNETH
NEIMAN'S REPORT AND RECOMMENDATIONS REGARDING CIVIL
ACTION 03-11633 MAP and 03-30213 MAP** by First Class, postage prepaid to the
following parties of record:

Assistant Attorney General Timothy Jones
Office of the Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103


_____
JT Glover III, Pro-Se