UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| JT GLOVER, III, | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil Action No. 03-11633-MAP |
| | ) | |
| GERALD MORRISSEY, PETER | ) | |
| MORIN, BENARD MURPHY, | ) | |
| PAMELA NICHOLSON and LARRY | ) | |
| TUMMINO | ) | |
| Defendants | ) | |

| | | |
|---|---|---|
| JT GLOVER, III, | ) | |
| Plaintiff | ) | |
| | ) | Civil Action No. 03-30213-MAP |
| | ) | |
| v. | ) | |
| | ) | |
| HARRY COMERFORD, RICK | ) | |
| HUNTINGTON, THERESA O'HARE | ) | |
| and STEVEN WILLAMS, | ) | |
| Defendants | ) | |

PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO FEDERAL
RULES OF CIVIL PROCEDURE 59(e) FOR CIVIL ACTION NO. 03-11633-MAP
AND CIVIL ACTION NO. 03-30213-MAP.

The Plaintiff, JT Glover, III, on behalf of himself, respectfully submits this motion for reconsideration regarding the United States District Court of Massachusetts Judge Michael A. Ponsor's <u>de nova</u> review for Civil Action No. 03-11633 MAP and Civil Action No. 03-30213 MAP pursuant to Federal Rules of Civil Procedure 59(e).

1

1. The Plaintiff received this specific <u>de nova</u> review for these aforementioned consolidated civil actions on October 1, 2004. He asks this court to reconsider the following points:

2. First of all, the plaintiff cannot stress enough-the record in these consolidated civil actions put before this court-has not been adequately developed enough to make an appropriate ruling on a motion for dismissal for the defendants pursuant to Fed. R. Civ. P. 12(b)(6). Additionally, by not allowing discovery, it incorrectly appears that the defendants are entitled to dismissal based upon qualified immunity. "A plaintiff bringing a Section 1983 action should include in his complaint all the factual allegations necessary to sustain a conclusion that the defendant violated clearly established law, and if the plaintiff fails to make such allegations, the court must afford the plaintiff an opportunity to come forward with such additional facts or allegations" <u>Achterhof</u> v. <u>Selvaggio,</u> 886 F. $2^d$ 826 (6th Cir. 1989).

3. Secondly, the plaintiff feels he has alleged specific facts for which an illegal motive may be inferred on the part of defendants Comerford, Huntington, Nicholson and Williams consistent with discriminating against his First Amendment Rights of Freedom of Speech and Expressional Activities relating to the Massachusetts' Department of Mental Retardation and its employees (some of whom are named defendants) mishandling of specific investigations and an appeal report pursuant to DMR Regulations, 115 CMR 9.0.

4. Furthermore, since defendants Comerford, Huntington, Nicholson and Williams knowingly altered factual information in official Investigative and Appellate documentation in order to absolve themselves and other specific individuals from accountability in the mishandling of these investigations and appeal should indicate intentional misconduct. The plaintiff has outlined many cognizable facts citing adverse employment actions transgressed by defendants Comerford, Huntington, Nicholson and Williams that violated Glover's first amendment rights. See Civil Cover Sheet, August 29, 2003; Amended Complaint, p. 26, 33-39, 42, 44-60; the Citizens Commission on Human Rights report submitted to the Disabled Persons Protection Commission on February 25, 2003 (amended complaint, enclosure); Plaintiff's opposing motion to defendants motion to dismiss, p. 12-17 which were not included within the parameters of information stricken from the record; Plaintiff's oral arguments submitted in writing for the April 20, 2004 hearing on pending motions; and finally, Plaintiff's May 12, 2004 written objections to the Report and Recommendation written by Magistrate Judge Kenneth P. Neiman on April 29, 2004.

5. The plaintiff was not allowed to introduce sufficient documented evidence that would allow this court to reasonably infer that defendants Comerford, Huntington, Nicholson and Williams knowingly engaged in these aforementioned allegations. "The Court must accept the allegations of the complaint as true, drawing all reasonable inferences in favor of the plaintiff." See Albright v. Oliver 510 U.S. 266, 268 (1994).

Moreover, these four individuals did not comply with various procedural guidelines during these specific investigations and appeal pursuant to DMR Regulations, 115 CMR 9.00. See amended complaint, p. 60; Plaintiff's oral arguments submitted in writing for the April 20, 2004 hearing on pending motions. "Documents sufficiently referred to in the complaint can be properly considered on a motion to dismiss" See e.g., Watterson v. Page, 987, F.2d 1, 3 (1st Cir. 1993) Indeed, "Keeping in mind that a complaint may be dismissed for failure to state a claim only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations" Pena-Borrero v. Estremeda 365 F. 3rd 7, 11 (1st Cir. 2004)(citations omitted).

6. Additionally, the plaintiff requests further reconsideration of Magistrate Judge Neiman's incorrect assessment noted on page 13 of his April 29, 2004 report and recommendation that states "As to the defendants about whom more facts are provided, those facts fail to support any inference that some illegality motivated their actions. Rather, the allegations indicate that the defendants, and numerous other state and federal officials have been cooperative and exceedingly responsive to the Plaintiff's concerns."

7. Included in this motion, is self-authenticated evidence, admissible under Article VIII, rule 902 pursuant to the Federal Rules of Evidence, which provides further corroboration supporting the Plaintiff's objections. Specific personnel from the Federal Department of Health and Human Services have not been exceedingly responsive to the Plaintiff's concerns since this federal agency has refused to redress any of these recurring, long-term problems facing the Division of Investigations of the Massachusetts Department of Mental Retardation. The Plaintiff has made repeated attempts to initiate an appropriate investigation and or establish independent oversight into the mishandling of these investigations with several state and federal government officials which has yet to occur.  See June 2, 2004 letter written to Plaintiff by Ms. Margaret Leoni, Manager Medicaid Operations, Division of Medicaid and Children's Health/Region I; June 15, 2004 letter in reply to Ms. Leoni written by the plaintiff; August 2, 2004 letter written by Ms. Melodye L. Hardy. Acting Director, Freedom of Information Group, Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group; September 1, 2004 appeal letter written by the Plaintiff to the Deputy Administrator and Chief Operating Officer, Centers for Medicare and Medicaid Services, Baltimore, MD

8. In closing, the plaintiff kindly asks District Judge Michael A. Ponsor to reconsider his <u>de nova</u> review for these consolidated actions since he believes a legal error has occurred because of the Districts Court's premature dismissal of this matter. Furthermore, this court also erred in finding the plaintiff's aforementioned allegations inadequate to support a constitutional violation since 42 USC 1983 claims "need only comply with the liberal 'notice pleadings' standards of the Federal Rules." <u>See</u> <u>Wilson</u> v. <u>Town of Mendon</u> 294 F 3rd 1, 10(1st Cir, 2002).

        The plaintiff,
        Submitted on behalf of himself,

        By: _____

        JT Glover III, Pro Se
        46 Quincy Street #5
        North Adams, MA 01247

## CERTIFICATE OF SERVICE

I, JT Glover III, herby certify that on October 9, 2004, I served a copy of the foregoing **PLAINTIFF'S MOTION FOR RECONSIDERATION ON THE COURTS DISMISSAL OF CONSOLIDSATED CIVIL ACTIONS 03-11633 MAP and 03-30213 MAP** by First Class, postage prepaid to the following parties of record:

Assistant Attorney General Timothy Jones
Office of the Attorney General
Western Massachusetts Division
1350 Main Street
Springfield, MA 01103

                                                 JT Glover III, Pro Se

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
JFK Federal Building, Government Center
Room 2275
Boston, Massachusetts 02203
(617) 565-1223



CENTERS for MEDICARE & MEDICAID SERVICES

## Division of Medicaid and Children's Health / Region I

June 2, 2004

JT Glover
46 Quincy Street #5
North Adams, MA 02147

Dear Mr. Glover:

Your letter, dated April 24, 2004, to Secretary Thompson has been forwarded to our office for response. As you are aware the Boston office of the Centers for Medicare & Medicaid Services has previously addressed your concerns regarding this matter. We originally received a complaint from you in 2002 requesting us to investigate the process used by a Massachusetts Department of Mental Retardation (DMR) contractor in terminating your employment as well as allegations of mistreatment to DMR clients by this same contractor. Our response to that inquiry reported that while we have no jurisdiction over your termination process, we do have authority over the delivery of services provided to Medicaid recipients. We further noted that we would be happy to review additional information in this case if it contained specific allegations regarding the maltreatment of any Medicaid recipients. At that time we did not receive any additional information on this matter.

Also, it is our understanding that the Massachusetts', Department of Mental Retardation, the Citizens Commission of Human Rights and the Disabled Persons Protections Commission have all been involved in investigating your allegations. In addition, our Division recently completed a full review of the Home & Community Based Services waiver for the Mentally Retarded in Massachusetts and did not substantiate allegations of maltreatment.

If you have current information of alleged mistreatment by this contractor please do not hesitate to contact me directly. Thank you for your persistence and courage in protecting the clients of the Department o f Mental Retardation.

Sincerely yours,

*Margaret Leoni*

Margaret Leoni, Manager
Medicaid Program Operations

cc:   G. Morrissey-Commissioner MA-DMR
      B. Waldman-MA-Medicaid Director

June 14, 2004

Ms. Margaret Leoni, Manager
Medicaid Program Operations
Department of Health and Human Services
Centers for Medicare and Medicaid Services
JFK Federal Building, Government Center
Room 2275
Boston, MA 02203

Dear Ms. Leoni:

Thank you for your letter dated June 2, 2004 pursuant to my Freedom of Information Act request. I am providing you with select correspondences that were sent to the office of Senator Edward Kennedy and the Centers for Medicare and Medicaid Services (CMS) throughout the summer and fall of 2002.

These circumstances, which were brought to the attention of Senator Kennedy and subsequently, the Federal Department of Health and Human Services (HHS Region I) indicate questionable practices by the Massachusetts' Department of Mental Retardation (DMR) in the mishandling of specific investigations and an appeal report pursuant to DMR Regulations, 115 CMR 9.0. Senator Kennedy's office forwarded pertinent information to CMS attempting to initiate some type of inquiry months after I contacted your agency. Furthermore, it also my understanding that phone conferences were held between Senator Kennedy's office and HHS Region I regarding this subject matter as well.

Please note the following:

- On February 1, 2002, Ms. Kesha Edwards contacted me relating to the introductory information faxed to Ms. Caroline Chang, Regional Manager of the Office for Civil Rights (OCR) on January 31, 2002. Ms. Edwards and I discussed the possibility of having HHS Region I explore the investigative practices carried out by the DMR since it provides services to federally funded Medicaid receipts.

- Additionally, I informed Ms. Edwards that the OCR would receive a packet of documentation within the next few days. Included with this material was a copy of the appeal report to these investigations and its eighteen-page rebuttal provided to the DMR and the Disabled Persons Protection Commission (DPPC) on July 20, 2001. Throughout my rebuttal, numerous discrepancies and mistaken conclusions surrounding these investigations are cited.

- On March 6, 2002, I received a letter from Ms. Chang indicating these matters were referred to HHS's Centers for Medicare and Medicaid for possible handling.

- On Thursday, June 13, 2002, a staff member from Senator Kennedy's office, by the name of Christian, contacted me regarding information previously provided to Senator Kennedy. Subsequently, on June 18, 2002, he left the following message on my answering machine: 'that I contact Senator Kennedy's office about whom I contacted at HHS Region I, what documents I had provided to this office, and if I could fax this same information to Senator Kennedy's office as well.'

- On June 20, 2002, I honored his request. Later that afternoon, Christian left me another message that said: 'We feel we have a sufficient amount of information on your case, we're trying to see what the best and most expedient way to handle your issue is…and we appreciate your diligence.'

- On July 25, 2002, Senator Kennedy mailed me information indicating his office contacted CMS regarding these circumstances. Included was a correspondence, dated July 15, 2002, written to Senator Kennedy, by former CMS Associate Regional Administrator, Mr. Ronald Preston. Noted from Mr. Preston's letter: 'We will be happy to review any additional information in this case if it contains specific allegations regarding the maltreatment of any Medicaid recipients by DMR or its contractors or their misuse of federal funds.'

- On August 1, 2002, via fax transmission, I continued to follow up with Senator Kennedy's office. In this letter, I requested that CMS/HHS Region I will conduct an investigation regarding these specific long-term problems facing the Division of Investigations of the DMR. Given the complexity of this issue at hand-I hoped that Senator Kennedy would facilitate this request.

- On October 17, 2002, I again conferred with Senator Kennedy's office. During this conference call, I was disappointed to learn that CMS/HHS Region I was choosing not to explore these questionable practices engaged in by the DMR.

- On October 23, 2002, I faxed letters directly to Mr. Preston, and Mr. Brian Cresta, Regional Representative of HHS Region I, requesting to learn, in more detail, about this decision derived by your agency. Unfortunately, I never received an appropriate response from either of these gentlemen.

- In May 2003, I contacted the office of Congressman John Olver, whom was provided with relevant information about this matter as well. Two phone conferences were held with a staff member from Congressman Olver's Pittsfield office, named Rhonda. The information gained from her might have relevance on why HHS Region I refused to redress any of these longstanding concerns. Rhonda then contacted HHS Region I and Senator Kennedy's office. Apparently, she was informed by individuals from both offices that these matters didn't require further review. Given specific content from conversations with various personnel from Senator Kennedy's office and myself, as well as the documentation reviewed by them, this assertion remains questionable.

      Both the DMR and the DPPC's probe into the mishandling of these investigations has been far too inadequate allowing for full accountability. Furthermore, the DPPC's (whose main purview is to monitor DMR Investigations) refusal to redress any of the documented evidence that was presented to itself clearly corroborating my aforementioned claims is troubling.

      In closing, as repeatedly expressed to Senator Kennedy's office, I remain hopeful that the Federal Department of Health and Human Services will eventually allow itself to conduct a comprehensive and all-encompassing inquiry concerning the long-term problems facing DMR's Division of Investigations mishandling of many of its investigations as well as the inadequate monitoring of some of its own contracted vendor agencies (see Massachusetts State Legislature's House Bill No. 2066 and The Patriot Ledger article entitled, 'State hard pressed to keep up with rise in abuse complaints,' March 23, 2004).

      Your further consideration with these important concerns is greatly appreciated. I welcome the opportunity in submitting additional documentation to your office supporting these allegations. I look forward to hearing from you.

                                                     With best wishes,

                                                     JT Glover III  
                                                     46 Quincy Street #5  
                                                     North Adams, MA 01247  
                                                     413-664-9093

cc: Office of Senator Edward Kennedy  
    Office of Congressman John Olver  
    Office of Secretary Tommy Thompson, Department of Heath and Human Services

DEPARTMENT OF HEALTH & HUMAN SERVICES
Centers for Medicare & Medicaid Services
7500 Security Boulevard, N2-20-16
Baltimore, Maryland 21244-1850



CENTERS for MEDICARE & MEDICAID SERVICES

## Office of Strategic Operations and Regulatory Affairs/Freedom of Information Group

Refer to: C04FOI0120 (SS)

AUG -2 2004

JT Glover
46 Quincy Street #5
North Adams, MA 01247

Dear Mr. Glover:

I am responding to your February 9, 2004, Freedom of Information Act (5 U.S.C. § 552) request regarding how the Centers for Medicare & Medicaid Services (CMS) derived its decision not to further investigate circumstances, pertaining to the Department of Mental Retardation, that were brought to our attention through documented correspondence from Senator Kennedy and from yourself.

After a careful search of the Centers for Medicare & Medicaid Services (CMS) files, i.e., a search reasonably calculated to locate records responsive to your request and employing reasonable standards, we were unable to locate any records responsive to your request. Our Boston Regional Office has informed me that they have never received any documented evidence from you or from Senator Kennedy. Therefore, there is nothing in our files to release. Our Boston Regional Office stated that the Federal Government does not have oversight responsibilities for group homes. Our oversight responsibilities pertain only to certified intermediate care facilities for the mentally retarded. Again, this is why no documents exist pertaining to your request.

If you wish, you may appeal this decision. Any such appeal must be mailed within 30 days to: The Deputy Administrator and Chief Operating Officer, Centers for Medicare & Medicaid Services, Room C5-16-03, 7500 Security Boulevard, Baltimore, Maryland 21244-1850. Please mark your envelope "Freedom of Information Act Appeal" and enclose a copy of this letter with your appeal.

Sincerely,

Melodye L. Hardy
Acting Director
Freedom of Information Group

September 1, 2004

The Deputy Administrator and Chief Operating Officer
Centers for Medicare and Medicaid Services
Room C5-16-03
7500 Security Boulevard
Baltimore, Maryland 21244-1850

To Whom It May Concern:

Please note the enclosed letter dated August 2, 2004 letter, written by Ms. Melodye L. Hardy, the Acting Director of the Freedom of Information Group of the Office of Strategic Operations and Regulatory Affairs. This is in reference to a Freedom of Information Act request made on February 9, 2004. This request was recently denied which was brought to my attention on August 5, 2004. It is my wish to appeal this decision.

Enclosed is documented correspondence to/from various personnel within the Department of Health and Human Services Regional One office which support my reasons in appealing this decision. Additionally, given the information cited in these letters (note highlighted sections) provide corroboration that misinformation is cited in Ms. Hardy's FOIA reply.

Furthermore, both the office of Senator Kennedy and myself has provided documented correspondence to the Federal Department of Health and Human Services Regional One office regarding these circumstances. It is incorrectly noted in Ms. Hardy's letter that HHS Regional One office never received any documented evidence from Senator Kennedy or myself regarding these matters.

Thank you for your kind reconsideration in this matter.

Best wishes,

JT Glover
46 Quincy Street #5
North Adams, MA 01247
413-664-9093

cc: Senator Edward M. Kennedy, Boston and Washington DC offices